Submitted January 14, 1981, accused reprimanded February 10, 1982

In re: Complaint as to the conduct of

# NATHAN J. HEATH,
*Accused.*

## (OSB 81-13, SC 28372)

640 P2d 617

MEMORANDUM OPINION.

## MEMORANDUM OPINION.

The Oregon State Bar's formal disciplinary complaint alleged that the accused was guilty of various violations of the "rules of professional conduct," apparently referring to the Disciplinary Rules of the Code of Professional Responsibility. The first cause of complaint alleged that the accused undertook to represent a client for the purpose of litigation but procrastinated to the point that the client took his case elsewhere. It was alleged that the accused failed to cooperate in turning over to new counsel materials that should have been promptly forwarded and that the accused failed to account properly for money advanced by the client for costs of litigation. The complaint alleged violation of the following Disciplinary Rules:

"(1)  DR 6-101(A)(3) - A lawyer shall not neglect a legal matter entrusted to him;

"(2)  DR 7-101(A)(2) - A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services;

"(3)  DR 7-101(A)(3) - A lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship;

"(4)  DR 9-102(B)(3) - A lawyer shall maintain complete records of all funds of a client coming into the possession of the lawyer and render appropriate accounts to the client regarding them;

"(5)  DR 9-102(B)(4) - A lawyer shall promptly pay to the client the funds in the possession of the lawyer which the client is entitled to receive."

The second cause of complaint alleged that the accused undertook to represent another client in the conduct of litigation, failed effectively to prosecute the case and failed to communicate with the client concerning her case. The complaint alleged violation of the same Disciplinary Rules quoted above.

This is the first case to come before us pursuant to Section 37.1, Rules of Procedure Relative to Admission, Discipline, Resignation and Reinstatement. Section 37.1 became effective July 8, 1981. That section provides:

"Section 37.1. Discipline by Consent.

"(a)  Any formal disciplinary complaint may be disposed of by a no contest plea, or by a stipulation for

discipline, entered into at any time after service of the formal complaint upon the accused.

"(b)   A plea of no contest to all or any count of a formal complaint shall be verified by the accused and shall include:

"(1)   A statement that the plea has been freely and voluntarily made by the accused;

"(2)   A statement that the accused does not desire to defend against the formal complaint or any designated count thereof;

"(3)   A statement that the accused agrees to accept a designated form of discipline in exchange for the no contest plea, if accepted by the Supreme Court;

"(4)   A statement of the accused's prior record of reprimand, suspension or disbarment, or any absence of such record.

"(c)   A stipulation for discipline shall be verified by the accused and shall include:

"(1)   A statement that the stipulation has been freely and voluntarily made by the accused;

"(2)   A statement that explains the particular facts and violations the State Bar and the accused are stipulating to;

"(3)   A statement that the accused agrees to accept a designated form of discipline in exchange for the stipulation, if accepted by the Supreme Court;

"(4)   A statement of the accused's prior record of reprimand, suspension or disbarment, or any absence of such record.

"(d)   No contest pleas and stipulations shall be reviewed and signed by the General Counsel. The plea or stipulation, if acceptable to the Board of Governors and the accused, shall be submitted by the General Counsel to the Disciplinary Review Board. The Disciplinary Review Board shall review the matter and recommend to the Supreme Court the acceptance or rejection of the plea or stipulation. The plea or stipulation, with the Disciplinary Review Board's recommendation, shall then be filed with the Supreme Court administrator for review by the court.

"(e)   The court shall review the plea or stipulation and the recommendation of the Disciplinary Review Board. If approved, the court shall enter an appropriate order, which order may, in the discretion of the court, fix the amount of the Bar's actual and necessary costs and disbursements incurred in the disciplinary proceeding to be paid by the

accused. If the plea or stipulation is rejected by the court, the plea or stipulation may not be used as evidence of unprofessional conduct against the accused in the pending or any subsequent disciplinary proceedings.

"(f) A plea or stipulation prepared for consideration by the court shall not be subject to public disclosure prior to court approval of the plea or stipulation or if rejected by the court."

■ A document entitled "PLEA OF NO CONTEST" was filed as response to the formal disciplinary complaint. That document is neither purely a plea of no contest as described in Section 37.1(b) nor a stipulation for discipline as described in Section 37.1(c). Rather, it partakes of the nature and requirements of each to some extent. It does not contain or bear a verification in the form we associate with verification of pleadings, but it does refer to a portion of the writing that the Bar and the accused intended as compliance with the requirement of both subsection (b) and subsection (c) that a plea or stipulation, as the case might be, be verified by the accused. That portion of the writing is subjoined by a jurat, and we deem it sufficient to comply with the requirement that the accused verify the plea or stipulation.

■ We believe that in future cases in which the Bar and the accused desire to dispose of a formal disciplinary complaint under Section 37.1, it would be better to follow the requirements of either subsection (b) or (c) rather than some hybrid, and that verification be in the same form as used in pleadings in courts of this state prior to the effective date of ORCP 17A.

■ The document does contain the necessary statements described in both subsections (b) and (c). It has been signed by the General Counsel of the Bar, and we assume, although there is no statement to that effect, that the General Counsel reviewed the document as required by subsection (d). The document does indicate that it was "Approved" by the Board of Governors, and from this and the contents of the document we infer that the document was acceptable to the Board of Governors under subsection (d). Further, the document states that the Board and the accused "submit this matter" to the Disciplinary Review Board, and we deem this to be substantial compliance with

the requirement of subsection (d) that the plea or stipulation "be submitted by the General Counsel to the Disciplinary Review Board."

The Disciplinary Review Board treated the document as a plea of no contest, recommended its acceptance and filed its memorial of that action as required by subsection (d).

Pursuant to subsection (e), we have reviewed the document and the recommendation. The designated form of discipline contained in the document is "a refund of a fee and the imposition of a public reprimand." We approve.

It appears from the file that the General Counsel of the Bar is satisfied that the accused has already refunded the fee. If it should later be shown to us that he has not done so, we reserve jurisdiction to enter an appropriate order and to take such further action as may be necessary to enforce the order.

This opinion shall serve as a public reprimand to the accused for his conduct of which complaint was made.

We exercise our discretion under subsection (e) to fix the amount of the Bar's actual and necessary costs and disbursements incurred in this disciplinary proceeding. The amount of costs and disbursements shall be fixed in the same manner as the procedure described in Rule 11.05, Rules of Appellate Procedure. At the time the amount can be fixed pursuant to that procedure, we shall enter an order fixing the amount and ordering the accused to pay that amount to the Oregon State Bar.