Submitted on plea of no contest October 26, plea of no contest accepted, attorney reprimanded November 16, 1982

In re: Complaint as to the conduct of
# DOUGLAS A. SCHOEN,
*Accused.*

## (OSB 80-29, SC 29074)

653 P2d 989

## MEMORANDUM OPINION.

The Oregon State Bar filed a complaint against Douglas A. Schoen accusing him of unethical conduct in a criminal case in which he had been appointed to represent the defendant. The complaint alleged that Schoen had failed to file a brief when due and had failed to respond to a notice of default resulting in the appeal being dismissed by the Court of Appeals. The complaint further alleged that Schoen's conduct violated DR 6-101(A)(3) in that he neglected a legal matter entrusted to him and violated DR 7-101(A)(3) because he "intentionally" damaged and prejudiced the rights of his client.[1]

The Board of Governors of the Oregon State Bar and Schoen have entered into and filed in this court a "No Contest Plea Agreement" pursuant to Rule of Procedure 37.1. *See In re: Heath,* 292 Or 562, 640 P2d 617 (1982).

The no contest plea agreement is signed by Schoen and the General Counsel of the Oregon State Bar. By it Schoen states that he has no desire to defend against the formal complaint filed by the Bar and agrees to accept a public reprimand for the violations of the Code of Professional Responsibility specified in the complaint.[2] The

---

[1]

"DR 6-101 Failing to Act Competently.

"(A) A lawyer shall not:

"(3) Neglect a matter entrusted to him."

"DR 7-101 Representing a Client Zealously.

"(A) A lawyer shall not intentionally:

"(3) Prejudice or damage his client during the course of the professional relationship, * * *."

The second cause of complaint alleged: "That [Schoen's] neglect damaged and prejudiced the rights of * * * [the client] * * * in violation of Disciplinary Rule 7-101(A) (3)."

Because the violation of DR 7-101(A)(3) is set out in the allegation, we interpret "neglect" to mean "intentional failure." In other words "That Schoen's intentional failure damaged and prejudiced the rights of the client in violation of DR 7-101(A)(3)."

[2] The no contest plea agreement also contained the additional information required by Rule of Procedure 37.1(b), to wit: that the plea was freely and voluntarily made by Schoen and that no prior formal discipline had been imposed by the Oregon State Bar.

agreement recites that the Board of Governors has reviewed the formal complaint and recommends to this court that Schoen be given a public reprimand. Attached to the agreement is a verification by Schoen that he "entered into the foregoing Plea of No Contest as my free and voluntary act and that the contents of the plea are true as I verily believe."

The Disciplinary Review Board has approved the no contest plea agreement and therefore we infer that it recommends that the plea be accepted.[3]

This court approves the no contest plea agreement. This opinion shall serve as the public reprimand to Schoen. The Oregon State Bar is awarded costs.

---

[3] Rule of Procedure 37.1(d) in part provides:

"* * * The Disciplinary Review Board shall review the matter and recommend to the Supreme Court the acceptance or rejection of the plea or stipulation * * *."