In re: Complaint as to the conduct of

F. E. GLENN,
*Accused.*

(OSB 80-45, SC 29073)

653 P2d 990

## MEMORANDUM OPINION

In July 1981, the Oregon State Bar filed a formal disciplinary complaint against the accused. Pursuant to Section 37.1 of the Rules of Procedure (Relative to Admission, Discipline, Resignation and Reinstatement), the accused executed a Stipulation for Discipline, which stipulation was accepted by the Board of Governors of the Bar.[1] The Disciplinary Review Board reviewed the matter and recommended that the stipulated disposition of this matter be accepted.

---

[1]

"**Section 37.1. Discipline by Consent.**

"(a) Any formal disciplinary complaint may be disposed of by a no contest plea, or by a stipulation for discipline, entered into at any time after service of the formal complaint upon the accused.

"\* \* \* \* \*

"(c) A stipulation for discipline shall be verified by the accused and shall include:

"(1) A statement that the stipulation has been freely and voluntarily made by the accused;

"(2) A statement that explains the particular facts and violations the State Bar and the accused are stipulating to;

"(3) A statement that the accused agrees to accept a designated form of discipline in exchange for the stipulation, if accepted by the Supreme Court;

"(4) A statement of the accused's prior record of reprimand, suspension or disbarment, or any absence of such record.

"(d) No contest pleas and stipulations shall be reviewed and signed by the General Counsel. The plea or stipulation, if acceptable to the Board of Governors and the accused, shall be submitted by the General Counsel to the Disciplinary Review Board. The Disciplinary Review Board shall review the matter and recommend to the Supreme Court the acceptance or rejection of the plea or stipulation. The plea or stipulation, with the Disciplinary Review Board's recommendation, shall then be filed with the Supreme Court administrator for review by the court.

"(e) The court shall review the plea or stipulation and the recommendation of the Disciplinary Review Board. If approved, the court shall enter an appropriate order, which order may, in the discretion of the court, fix the amount of the Bar's actual and necessary costs and disbursements incurred in the disciplinary proceeding to be paid by the accused. If the plea or stipulation is rejected by the court, the plea or stipulation may not be used as evidence of unprofessional conduct against the accused in the pending or any subsequent disciplinary proceedings.

"(f) A plea or stipulation prepared for consideration by the court shall not be subject to public disclosure prior to court approval of the plea or stipulation or if rejected by the court."

By stipulation, the accused and the Bar agreed that the accused violated two disciplinary rules:

1. DR 9-102(B)(3). As a result of representation of his client, the accused was paid $1500 by his client in February 1980, at which time the client was indebted to the accused in the amount of $887.50 for past legal services. In March 1980, the client requested that the accused provide her with an itemized accounting of the charges and expenses incurred in connection with the accused's representation of her. The accused did not comply with the request of his client until June 10, 1980. He admits that he violated Disciplinary Rule 9-102(B)(3), which requires that a lawyer maintain complete records of all funds of a client coming into possession of the lawyer and render appropriate accounts to the client regarding them.

2. DR 6-101(A)(3). Following an agreement by the accused and an opposing lawyer to enter into a stipulation settling a pending domestic relations matter for his client, the accused failed to prepare the stipulation (as he had agreed to do) and failed to respond to inquiries from his client and the opposing lawyer in respect thereof for a period in excess of three months. The accused acknowledges that he violated Disciplinary Rule 6-101(A)(3), which states that a lawyer shall not "[n]eglect a legal matter entrusted to him."

Pursuant to Section 37.1(e) of the Rules of Procedure, we reviewed the Stipulation for Discipline and the written review and recommendations of the Disciplinary Review Board. We approve the stipulation and accept the recommendations, except as noted below. This opinion shall serve as a public reprimand to the accused for his conduct.

In addition to recommending acceptance of the Stipulation for Discipline and imposing a public reprimand upon the accused, the Disciplinary Review Board recommended that the accused be required to reimburse his former client for the costs to her in obtaining a second lawyer to resolve her problems with the accused. We do not reach the merits of this recommendation because the recommendation goes beyond the stipulated form of discipline agreed to by the Bar and the accused. We decline to impose this aspect of the discipline recommended by the Disciplinary Review Board.[2]

---

[2] Section 37.1(c)(3).

We award costs and disbursements to the Bar, which costs and disbursements shall be fixed in the same manner as the procedure described in Rule 11.05, Rules of Appellate Procedure. At the time the amount can be fixed pursuant to that procedure, we shall enter an order fixing the amount and ordering the accused to pay that amount to the Bar. *In Re Heath,* 292 Or 562, 567, 640 P2d 617 (1982).