Submitted on plea of no contest and stipulation for discipline December 14, 1983, accused suspended March 27, 1984

## In re: Complaint as to the Conduct of

## NATHAN J. HEATH,
*Accused.*

## (SC S30530, OSB 82-71)

678 P2d 736

## MEMORANDUM OPINION

The Oregon State Bar filed a complaint against Nathan J. Heath accusing him of unethical conduct in his representation of clients.

On October 20, 1983, Heath and the Oregon State Bar Board of Governors entered into a Stipulation for Discipline pursuant to Rule of Procedure 37.1(c).[1] This Stipulation was accepted by the Disciplinary Review Board.

The accused was subject to a prior disciplinary proceeding in 1981, *In Re Heath,* 292 Or 562, 640 P2d 617 (1982), for failure zealously to prosecute a client's claim and failure to communicate with another client concerning his case. We issued a reprimand in that case.

All of the matters stipulated involve the accused's neglecting matters entrusted to him between November, 1980 through May, 1981. The stipulation indicates that throughout the time in question the accused suffered from "acute chronic alcoholism together with attendant symptomatic procrastination."

A summary of the facts and charges contained in the stipulation is as follows: The accused represented a client in a trial in Justice Court which resulted in a mistrial. The accused initiated a challenge to the constitutionality of the jury selection process by filing a petition in the County Circuit Court. The accused was unable to support his challenge with legal authority and eventually the petition was dismissed for lack of prosecution. The accused failed to notify his client of either the outcome of the appeal or that he, the accused, had moved to California. The stipulation indicates that the accused was waiting for the rescheduling of the trial before contacting his client again. The client was under the impression that the case was dismissed permanently. He later learned it was not and retained another attorney to represent him in the matter. The client's rights in the case were not prejudiced.

---

[1] This procedure is now found at Rule 3.6, effective January 3, 1984.

The Board of Bar Governors and Heath stipulated that this conduct violated DR 6-101(A)(3).[2]

The accused was retained to represent two clients in separate civil rights actions in federal district court. The accused filed two cases and then failed to prepare or file pretrial orders. On the deadline for filing the pretrial orders the accused requested instead that the cases be dismissed without prejudice. This request was granted. The accused did not obtain or attempt to obtain the prior consent of his clients to dismiss either case and failed to contact his clients afterward to notify them of the disposition of the litigation. One of the clients contacted the accused in December, 1981 and, at her request, the accused sent her file to other Oregon counsel. At the time of the dismissals, the statute of limitation had not run in either case.

The Board of Bar Governors and Heath stipulated that this conduct violated DR 6-101(A)(3) and DR 7-101(A)(2).[3]

The stipulation indicates that the accused sought substance abuse treatment in November, 1981. He successfully completed the program and has since become involved in groups in the Seattle area addressing problems of alcohol abuse.

The stipulation contains a verification that the contents of the stipulation are true and that the accused enters into the stipulation freely and voluntarily. The Disciplinary Review Board recommended that this court accept the Stipulation for Discipline.

---

[2] DR 6-101(A)(3) provides:

"(A)  A lawyer shall not:

"* * * * *

"(3)  Neglect a legal matter entrusted to him."

[3] DR 7-101(A)(2) provides:

"(A)  A lawyer shall not intentionally:

"* * * * *

"(2)  Fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2-110, DR 5-102, and DR 5-105."

We requested the Bar and the accused to make provision for a procedure for periodic tests to ensure that Mr. Heath continues to refrain from the use of alcohol. The Bar and the accused have agreed that at the time Mr. Heath seeks reinstatement, the reinstatement would be subject to a probationary period of one year during which Mr. Heath would report to a supervisory attorney in Washington, where he now resides, every two weeks. The attorney would report to the Bar every two months if Mr. Heath maintains his sobriety, and sooner if he does not.

The court accepts the Stipulation of Discipline with the additional provision applicable to reinstatement. The accused shall be suspended from the practice of law for 60 days, beginning April 17, 1984. ORAP 11.03(4). His reinstatement shall be conditioned on successful completion of a one year probationary period under the terms we have outlined above. The Oregon State Bar is awarded costs.